UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER LEE YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>Defendants. | Case No. 24-cv-03914-PCP<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND IN PART** |

Walter Young, an inmate at Santa Rita Jail in Dublin, California, filed a *pro se* civil rights action under 42 U.S.C. § 1983. Dkt. No. 1 ("Compl.") For the reasons stated below, Mr. Young's Complaint is DISMISSED with leave to amend the claims identified below.

I.    **Background**

A class action was filed before United States Magistrate Judge Cousins, accusing Santa Rita Jail of mistreating inmates with mental health diagnoses. *See Babu v. Ahern*, 18-cv-07677-NC (N.D. Cal.). A consent decree was entered in that action. *See* Dkt. No. 436, *Babu v. Ahern*, 18-cv-07677-NC (N.D. Cal. Feb. 7, 2022). After that consent decree was entered, Mr. Young filed several declarations in the class action and referred to himself as a member of the class. *See* Dkt. Nos. 547–49, 554, *Babu v. Ahern*, 18-cv-07677-NC (N.D. Cal.). Magistrate Judge Cousins reviewed those declarations and informed Mr. Young that, "to the extent" he "raise[d] grievances regarding Defendants' compliance with the Consent Decree, he must work with class counsel to follow the Consent Decree's procedures for dispute resolution." Dkt. No. 555 at 2, *Babu v. Ahern*, 18-cv-07677-NC (N.D. Cal. Nov. 13, 2024).

In the instant action, Mr. Young asks the Court to "review documents provided" in support of his claims. Compl. at 1. He complains that he was "sexually assaulted several times," but

provides no facts regarding the assaults. *See id*. at 2. The grievances attached to the Complaint do not mention any sexual assaults. *See id*. at 4–21. [1] Mr. Young provides copies of a claim made to Alameda County that he had been sexually assaulted at Santa Rita Jail, *see* Dkt. Nos., 9, 13, but none of his filings provide facts regarding the alleged sexual assault, *see* Dkt. Nos. 5, 9–14.

     Mr. Young complains that his "privileges were taken away." Compl. at 2. He filed multiple declarations and exhibits regarding this loss of privileges. *See id*. at 4–21; *see also* Dkt. Nos. 5, 9–14. These documents discuss privileges that Mr. Young believes he was denied because of his mental health diagnosis, which overlaps with the claims raised by his membership in the Babu class. *See generally id*. Indeed, several of Mr. Young's failings are copies of the declarations that Mr. Young filed in the *Babu* class action. *See, e.g.,* Dkt. No. 10. Mr. Young's filings repeatedly state that Mr. Young lost privileges "in full violation of the Consent Decree" entered in the *Babu v. Ahern* class action. Compl. at 5; *see also id*. at 7–8, 11, 21.

     One document mentions that Mr. Young complained of an illegal strip search on April 18, 2023, but does not provide any facts regarding this search. *See* Dkt. No. 5 at 10. This strip search was not mentioned in the Complaint. *See generally* Compl.

     Mr. Young states on the face of the Complaint that he did not appeal his grievance(s) to the highest level at Santa Rita Jail, but also asks the Court to review the grievances attached to the Complaint. *See id*. at 2.

     As defendants, Mr. Young names the County of Alameda; Gregory Ahern, the Sheriff for Alameda County; and felly inmate "Ishmal." *Id*.

**II.   Legal Standard**

     Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v.*

---

[1] The Court uses the pagination applied by the Case Management/Electronic Case Files system.

2

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**III.   Analysis of Complaint**

At this time, Mr. Young has not stated any cognizable claim.

    **A.**    **Claims regarding sexual assault and strip search**

Mr. Young's claims regarding sexual assault and a strip search are dismissed with leave to amend. He must provide facts to support his claims; must explain whether he exhausted or, if he failed to exhaust, why the exhaustion requirement must be excused; and must identify proper defendants.

    **1.**    **Need for facts**

Rather than providing facts to support his claims, Mr. Young asks the Court to "please obtain information." Compl. at 2. This is not the Court's role. Instead, Mr. Young must provide the Court with the facts necessary to show he has cognizable claims.

Mr. Young must identify who harmed him, when that harm occurred, and the general nature of and circumstances surrounding the harm. For example, if Mr. Young believes the strip search constituted a sexual assault, he must explain what actions the officers took that were beyond the scope of a normal search. *See, e.g., Bearchild v. Cobban*, 947 F.3d 1130, 1144–45 (9th Cir. 2020) (recognizing that an assault may begin as a legitimate penological search and explaining that to show officer's actions rose to the level of an assault, the prisoner must show that the official's "conduct exceeded the scope of what was required to satisfy whatever institutional concern justified the initiation of the procedure").

Mr. Young also must explain whether he is a convicted inmate or a pretrial detainee. If he is a convicted inmate, claims regarding a sexual assault and/or strip search are likely to be analyzed under the Eighth Amendment's proscription against cruel and unusual punishment. If he is a pretrial detainee, the same events will be analyzed under the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) ("[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent guarantee is the Due

3

Process Clause of the Fourteenth Amendment.") (citations omitted).

### 2. Exhaustion

On the face of the Complaint, Mr. Young states that he did not appeal his grievances to the highest administrative level possible. *See* Compl. at 2. He also asks the Court to review the grievances attached to his Complaint. *See id*. The Court reviewed these documents and did not find any jail grievance regarding a sexual assault. It therefore appears that Mr. Young did not exhaust this claim. Mr. Young's later-filed exhibits mention a strip search, but that was not raised in the Complaint and it is not clear whether Mr. Young pursued this grievance to the highest administrative level possible. *Compare* Dkt. No. 5 with *Compl*.

Federal law provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Ross v. Blake*, 578 U.S. 632, 638–39 (2016) (mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions). All available remedies must be exhausted and exhaustion is a prerequisite to suit. *See Porter,* 534 U.S. at 524; *see also Booth v. Churner*, 532 U.S. 731, 741 (2001). District courts lack discretion to ignore a failure to exhaust. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006).

Here, the apparent failure to exhaust is another reason why Mr. Young's claims must be dismissed. If Mr. Young believes he has exhausted his sexual assault and strip search claims, and if wishes to pursue those claims in an amended complaint, he must explain whether he pursued those claims to the highest level of administrative appeal available, or why exhaustion should not be required of him.

### 3. Defendants

Mr. Young sues Alameda County, Alameda County Sheriff Ahern, and another inmate. *See* Compl. at 2.

To sue Alameda County, Mr. Young must establish: "(1) that he possessed a constitutional right of which he [] was deprived; (2) that [Alameda County] had a policy; (3) that this policy

4

amount[ed] to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy [was] the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (citations and quotation marks omitted) (explaining how a government agency may be held liable under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)). If a plaintiff cannot identify an unconstitutional policy of the government agency, the plaintiff must "produce evidence creating a triable issue of fact regarding the existence of an unconstitutional practice or custom." *Gordon v. Orange County*, 6 F.4th 961, 974 (9th Cir. 2021) (concluding no custom or practice was shown where the record lacked evidence of any other event involving similar conduct or constitutional violations). "[A] single incident of unconstitutional activity is not sufficient to impose liability under *Monell*." *Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985). Here, Mr. Young has not identified any policy or practice which caused the alleged sexual assault or strip search. If he chooses to amend these claims against Alameda County, he must identify such a policy or practice.

Mr. Young's claims against Sheriff Ahern fail because he did not identify any way in which that individual wronged him. "In a § 1983 suit …. each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009). Under no circumstances is there liability under section 1983 on the theory that one is responsible for the actions or omissions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat superior liability under section 1983."). It is insufficient for a plaintiff generally to allege that supervisors knew about a constitutional violation and that they generally created policies and procedures that led to the violation. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012). To sue the Sheriff Ahern, Mr. Young must identify what actions Sheriff Ahern took related to the sexual assault and/or strip search, which *directly caused* injury to Mr. Mr. Young.

It is unclear why Mr. Young sued a fellow inmate. A civil rights action may only be brought against "a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). It seems unlikely that Inmate Ishmal was acting under color of state law when he caused an unspecified injury to Mr. Young. The Court will allow Mr. Young to amend his claims as to

5

Inmate Ishmal **if** Mr. Young specifies exactly how Inmate Ishmal harmed him and how Inmate Ishmal was acting under state law at the time of the harm.

### B.   Claims regarding denied privileges

Mr. Young's claims regarding privileges denied by Santa Rita Jail are dismissed without leave to amend.

Mr. Young makes clear that he believes he has been denied privileges guaranteed by the Consent Decree entered in the *Babu* class action. As Magistrate Judge Cousins has already informed Mr. Young, these claims must be raised "through class counsel using the procedures in the Consent Decree." *See* Dkt. No. 555 at 2, *Babu v. Ahern*, 18-cv-07677-NC (N.D. Cal. Nov. 13, 2024).

Mr. Young's claims regarding jail privileges thus are dismissed without leave to amend. Dismissal is without prejudice to pursuing these claims as required by the Consent Decree entered in the *Babu* class action.

## IV.   Conclusion

1. The Complaint is dismissed with leave to amend as to the sexual assault and strip search claims, but without leave to amend as to the claims for violations of the Consent Decree entered in the *Babu* class action.

2. Mr. Young may file a FIRST AMENDED COMPLAINT by **June 6, 2025**. The first amended complaint must include the caption and civil case number used in this order (CV 24-3914-PCP (PR)) and the words FIRST AMENDED COMPLAINT on the first page. If Mr. Young files a first amended complaint, he must allege facts that demonstrate he is entitled to relief on each claim. An amended complaint supersedes the original complaint. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262–63 (9th Cir. 1992) (where an amended complaint did not name all the defendants to an action, they were no longer defendants).

3. **Failure to file an amended complaint within the allotted time and in accordance with this order will result in a finding that further leave to amend would be**

**futile, and this action will be dismissed.** If Mr. Young needs an extension of time to amend his complaint, the extension must be requested **before** the deadline to amend has passed.

4. It is Mr. Young's responsibility to prosecute this case. Mr. Young must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 28, 2025

P. Casey Pitts
United States District Judge